UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARMELO ENGLISH,

       Plaintiff,

-v-

MASTOUR GALLERIES, INC., et al.,

       Defendants.

CIVIL ACTION NO.: 18 Civ. 12161 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE,** United States Magistrate Judge.

  The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 44). Defendants have submitted a Letter-Motion in support of settlement (ECF No. 36) and proposed settlement agreement (ECF No. 36-7) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015); Plaintiff's counsel has not made any submission with respect to the settlement, although Defendants state that "he does not agree that the settlement is fair and reasonable." (ECF No. 36 at 1).

  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic. These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable."

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (explaining that significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of the settlement agreement, which "[g]uarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed Defendants' letter-motion in support of settlement, the settlement agreement and accompanying exhibits, which include Plaintiff's time records, the Court finds that all of the terms of the proposed settlement appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  The Court notes that the agreement does not provide for any award of attorneys' fees to Plaintiff's counsel, nor has he asked for one.  Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement.  The Court will retain jurisdiction to enforce the settlement agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close this case.

Dated:      New York, New York
            November 9, 2020

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3